IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2019 JUL 10 PM 4: 18
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| AQUILA INNOVATIONS, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:18-CV-554-LY |
| | § | |
| ADVANCED MICRO DEVICES, INC., | § | |
| DEFENDANT. | § | |

## **ORDER**

Before the court in the above-styled and numbered cause are Plaintiff's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed February 15, 2019 (Dkt. No. 28), Defendant Advanced Micro Device, Inc.'s Response in Opposition to Plaintiff's Motion to Dismiss filed February 28, 2019 (Dkt. No. 29), Plaintiff's Reply to Defendant's Opposition to its Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed March 7, 2019 (Dkt. No. 31), and Defendant Advanced Micro Devices, Inc.'s Sur-Reply in Opposition to Plaintiff's Motion to Dismiss filed March 19, 2019 (Dkt. No. 34).

Plaintiff Aquila Innovations, Inc. ("Aquila") alleges that Defendant Advanced Micro Devices, Inc.'s ("Advanced Micro") infringes Aquila's rights to United States Patent No. 6,239,614 B2 ("the '614 Patent") titled "Semiconductor Integrated Circuit Device," and United States Patent No. 6,895,519 B2 ("the '519 Patent") titled "System LSI." Advanced Micro filed an amended answer to Aquila's complaint on January 25, 2019 (Dkt. No. 25). Aquila seeks to dismiss Advanced Micro's counterclaims of non-infringement and invalidity and strike Advanced Micro's Second, Third, Fifth, and Sixth specific denials and affirmative defenses.

## A. COUNTERCLAIMS

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hinojosa v. Livingston*, 807 F.3d 657, 683–84 (5th Cir. 2015).[1] However, "detailed factual allegations" are not required. *Twombly*, 550 U.S. at 555. The pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (applying those standards when reviewing the dismissal of counterclaims).

### 1. Non-infringement counterclaims

Advanced Micro asserts in its non-infringement counterclaims for both the '519 and '614 patent that "the manufacture use, offer for sale, and/or sale within the United States or import into the United States of AMD's products (i.e., products accused of infringement by Aquila . . . has not infringed, does not infringe, and would not, when marketed and sold, directly or indirectly infringe any valid claim of the ['519 and '614] patent[s], either literally or under the doctrine of equivalents." Advanced Micro then lists at least many ways in which its accused products do not practice the limitations alleged by Aquila.[2]

---

[1] The court applies Federal Circuit law in its interpretation and application of the patent-specific law and Fifth Circuit law where the analysis relates to "procedural issue[s] not unique to patent law." *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134, 1136 (Fed. Cir. 2015); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018) (applying regional circuit law in considering a motion to dismiss).

[2] More specifically, Advanced Micro alleges the '614 accused products do not practice the following limitations: "a plurality of first unit cells"; "a plurality of second unit cells"; "a unit cell array"; and "a power switch disposed around said unit cell array." Advanced Micro alleges the '519 accused products do not practice the following limitations: "a first memory that stores a

2

Aquila argues that Advanced Micro fails to state a claim of non-infringement because it is not supported by proper factual allegations. This court disagrees. Construed in a light most favorable to Advanced Micro, its allegations about specific claim limitations are a sufficient factual basis for a claim of non-infringement at the motion-to-dismiss stage and before discovery. Advanced Micro put Aquila on notice that Advanced Micro intends to show that the accused products do not practice a single claim limitation. *See TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) ("Under the 'all elements' rule, to find infringement, the accused device must contain each limitation of the claim, either literally or by an equivalent.") (quotation omitted); *see also Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("[A]n accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent.")). Advanced Micro need not prove its case prior to discovery. Advanced Micro provides factual allegations that, taken as true, state plausible claims of non-infringement under the doctrine of equivalents.

### 2. Invalidity Counterclaim

Advanced Micro asserts that the claims of the asserted patents "are invalid for failure to satisfy the requirements of the Patent Act, Title 35 of the United States Code, including one or

---

clock control library for controlling a clock frequency transition between said ordinary operations modes"; "a clock generation circuit that receives a plurality of standard clocks, wherein said clock generation circuit generates a clock supplied to said central processing unit according to control by said system control circuit"; "a second memory that stores an application program, wherein calling of said clock control library and changing of said register value are programmably controlled by said application program to enable user selectable clock frequency transitions"; "wherein said special modes comprise a first special mode in which clock supply to principal constituents of said central processing unit is halted, a second special mode in which clock supply to an entirety of said central process unit is halted, and a third special mode in which supply of power to the entirety of said central processing unit is halted."

3

more of 35 U.S.C. §§ 102, 103, and/or 112." Advanced Micro then lists several ways in which it believes the claims of the '614 patent might be invalid:

> one or more of the asserted claims of the '614 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of IEEE article titled "1 –V Power Supply High-speed Circuit Technology with Multithreshold-Voltage CMOS" by Mutoh et al., alone or in combination with other prior art; Japanese Patent Publication No. H10125878 to Urano Masami, alone or in combination with other prior art. Additionally, for example, one or more of the asserted claims of the '614 patent are invalid under 35 U.S.C. § 112, such as for lack of written description.

Likewise, Advanced Micro lists several ways in which it believes the claims of the '519 patent might be invalid:

> one or more of the asserted claims of the '519 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of U.S. Patent No. 6,442,697 to Jain alone or in combination with other prior art; U.S. Patent No. 6,763,478 to Bui, alone or in combination with other prior art; and/or U.S. Patent No. 6,823,516 to Buxton, alone or in combination with other prior art. Additionally, for example, one or more of the asserted claims of the '519 patent are invalid under 35 U.S.C. § 112, such as for lack of written description.

The court concludes Advanced Micro sufficiently states a claim for invalidity for both the '519 and '614 patents. Advanced Micro provides specific statutory sections under which it intends to prove invalidity; it provides examples of invalidating prior art, and also alleges a lack of written description. *See CryoLife, Inc. v. C.R. Bard, Inc.*, No. CV 14-559-SLR, 2015 WL 1069397, at *4 (D. Del. Mar. 10, 2015).

### B. AFFIRMATIVE DEFENSES

Under Rule 8(b), a defendant is required to "state in short and plain terms its defenses." For affirmative defenses under Rule 8(c), a defendant is required to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Id.* (citation omitted). The Fifth Circuit

4

has continued to apply that standard in the wake of *Twombly* and *Iqbal*. *See LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citing *Woodfield*, 193 F.3d at 362). In some cases, "merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

If a responsive pleading is "so vague or ambiguous that the party cannot reasonably prepare a response," a party may move for "a more definite statement." Fed. R. Civ. P. 12(e). If a matter is "redundant, immaterial, impertinent, or scandalous," or if a defense is "insufficient," the court may strike the matter or defense on its own or on a motion made by a party. Fed. R. Civ. P. 12(e). "Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (citing *Augustus v. Bd. Of Pub. Instr. Of Escambia Cty.*, 306 F. 2d 862, 868 (5th Cir. 1962)). A motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted). Courts are generally not willing to determine "disputed and substantial questions of law" upon a motion to strike when there is no showing of prejudicial harm to the moving party. *Augustus*, 306 F.2d at 868.

The court concludes that Advanced Micro's affirmative defenses provide Aquila with "fair notice" of the defenses that Advanced Micro intends to raise, such that Aquila is not a victim of "unfair surprise." *Woodfield*, 193 F.3d at 362. Moreover, each of Advanced Micro's defenses are sufficiently related to this controversy and provides Aquila with notice that it intends to raise the issues of non-infringement, invalidity, statute of limitations, and willfulness. This suffices under the fair-notice standard. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaims and Strike Defendant's Affirmative Defenses filed February 15, 2019 (Dkt. No. 28) is **DENIED**.

SIGNED this _10th_ day of July, 2019.

                                                                   _____
                                                                   LEE YEAKEL
                                                                   UNITED STATES DISTRICT JUDGE